## CLARK v. FORD. *

No. 5257.

Court of Appeal of Louisiana.
Second Circuit.

April 30, 1936.

J. Norman Coon, of Monroe, for appellant.

A. K. Goff, Jr., of Ruston, for appellee.

HAMITER, Judge.

John W. Clark, plaintiff herein, alleges that the defendant sold to him, on March 19, 1935, a Plymouth sedan for the total consideration of $940; that the initial or down payment of $250 was represented by a Ford sedan which he traded in and delivered; and that the balance of the purchase price, or $690, was evidenced by an installment note secured by a chattel mortgage on the car. It is further charged that on March 28, 1935, defendant forcibly took possession and unlawfully dispossessed him of the Plymouth, and illegally converted it to his own use. He prays that the defendant be condemned to return the automobile and to restore the possession thereof to him, and for judgment awarding damages for the loss of its use during the interim, and for attorney's fees. In the alternative, and in the event defendant cannot deliver the car in the same condition that it was on March 28, 1935, he prays for damages in the amount of $940, its alleged value at that time, in addition to the items of damages claimed in his main demand.

Defendant first pleaded that the note and act of chattel mortgage described in the petition were in the possession of plaintiff, and oyer thereof was demanded. In compliance with an order of the trial court sustaining defendant's prayer for oyer, the instruments were produced and filed. Defendant then moved to strike from the petition the allegations relating to the trading in and delivery of the Ford sedan on the ground that the act of chattel mortgage represented the entire agreement of the parties and no mention of such delivery was therein contained. This motion was overruled.

*Rehearing denied June 2, 1936.

Defendant thereafter answered, admitting the execution of the note and chattel mortgage and their transfer to defendant. He denied, however, plaintiff's ownership of the Plymouth automobile, that he forcibly took possession of it from plaintiff, and that the Ford sedan was traded in as an initial payment. The answer further averred that at the time of the sale on March 19, 1935, the parties litigant understood and contemplated that the paper would be negotiated to the Motor Securities Company, Inc., at Shreveport, La.; that such last-named company, however, refused to accept and handle it and returned the instruments to the defendant on March 28, 1935; and that on such date plaintiff voluntarily delivered the Plymouth car to the defendant upon his simple request and accepted the return of the canceled note and act of chattel mortgage.

A reconventional demand for $135.40 was filed in connection with the answer, this being for alleged merchandise sold and cash advanced by defendant to plaintiff.

After trial of the case on the merits, the district court dismissed, as of nonsuit, plaintiff's demands and also defendant's reconventional demand, and condemned plaintiff to pay the costs of court. Plaintiff then appealed devolutively. Defendant has answered the appeal, praying that the judgment appealed from be amended so as to reject plaintiff's demands at his cost and to maintain the reconventional demand.

The motion to strike filed by defendant has not been urged in this court, and we, therefore, conclude that it has been abandoned.

The principal question for decision herein is: Did defendant forcibly and illegally take possession of the Plymouth car, or did plaintiff voluntarily surrender it for the return and cancellation of the chattel mortgage note? Another pertains to the existence and validity of the alleged claim under defendant's reconventional demand.

The case presents only issues of fact. Defendant's counsel states in his brief: "We think that the result to be reached in this matter is solely a question of fact." More than two-thirds of the 85 pages of testimony was given by the parties to the suit, and in many instances it is contradictory and conflicting and cannot be reconciled. In his brief, plaintiff's counsel says:

"Therefore, it is noticeable in this case that there is not much testimony given from third persons not interested. This situation is regretted because of the conflicting testimony of the parties to the suit on the main issues. Thus, the essential points are facts in dispute between the plaintiff and the defendant. When this situation arises the Court is called upon more than ever to judge the witnesses as to their own integrity and the veracity of their statements."

The trial judge, in his written opinion, after quoting certain statements from the briefs of both counsel relating to the truthfulness of the testimony given by plaintiff and defendant, very frankly observes:

"After hearing these two witnesses testify and after reading their testimony as transcribed by the Court Reporter, we reach much the same conclusion on the question of the credibility of the witnesses and the weight to be given their testimony as did able counsel. Witnesses are presumed to tell the truth and nothing but the truth, but there was not much testimony given in this case that has even the appearance of truth, much less the substance of truth. Perhaps we should not speak too plainly on the subject, but we have such a profound disgust for testimony that is false and untrue, and feeling that there is so much of that class of testimony in this record, we think it entirely appropriate to give due expression to our feelings in reference to the matter at this time.

"The remaining witnesses knew nothing whatever about the main issues of the case. Therefore, the Court does not have before it enough credible testimony to fully and finally pass upon these issues. We think these parties should be left just where they were when they came into Court. Neither one has a serious claim against the other at best. In fact, if a settlement were had between, as we view the case, their claims would just about off-set each other.

"We do not feel that it is necessary to review the mass of conflicting, contradictory, and evasive testimony given in the case. We shall not do that. We have expressed our conclusions with reference to it, and that is enough."

█ It is too well settled to require citation of authority that where a case involves only issues of fact, and the ma-

terial testimony is irreconcilably conflicting, and a proper decision thereof depends on the credibility of witnesses, the judgment of the trial judge will not be disturbed unless manifestly erroneous. This is because he has the advantage of observing the demeanor of the witnesses, and therefore is in a better position to pass on their credibility and the verity of their testimony than is an appellate court. In this case, after reviewing the entire record, we are unable to say that the trial judge erred in his findings and conclusions.

Accordingly, the judgment is affirmed.